FORMER EMPLOYEES OF TRAVENOL LABORATORIES, INC., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court No. 86-09-01191

(Decided March 9, 1987)

*Mary Mermis,* (on behalf of Former Employees of Travenol Laboratories, Inc.), *pro se.*

*Richard K. Willard,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch (*Platte B. Moring, III* on the motion) for the defendant.

## BACKGROUND

The former employees of Travenol, including plaintiffs, filed their petition for Trade Adjustment Assistance under Section 221(a) of the Trade Act of 1974 (19 U.S.C. 2271), as amended, (the Act) on April 23, 1986. Upon receipt of this petition, the Director of the Office of Trade Adjustment Assistance, Employment and Training Administration, instituted investigations to determine whether the workers were eligible to apply for adjustment assistance under Title II, Chapter 2, of the Act. *Investigations Regarding Certifications of Eligibility To Apply for Worker Adjustment Assistance; A & M Rubber Supply Inc., et al.,* 51 Fed. Reg. 18385 (1986).

In accordance with section 223 of the Act, Labor published the affirmative determination certifying all workers of Travenol, Hays, Kansas to apply for trade adjustment assistance who were separated on or after April 23, 1985 and before May 30, 1986. *Briamonte Embroidery Co. et al.; Determinations Regarding Eligibility To Apply for Worker Adjustment Assistance,* 51 Fed. Reg. 32864 (1986).

Plaintiffs challenge the decision of Labor to exclude certain workers from this affirmative determination, separated from their employment with Travenol before April 23, 1985. By letter of September 24, 1986, the Clerk of this Court notified the plaintiffs their letter to this Court dated September 16, 1986 was deemed to be a summons and complaint filed on September 19, 1986. Plaintiffs' letter states approximately 175 employees of Travenol were terminat-

ed on March 15, 1985 and April 19, 1985. According to the letter, some five hundred other employees of the firm, who were terminated on or after April 23, 1985, qualified for worker adjustment assistance. Plaintiffs are among those workers who were excluded from the certification because they were terminated more than one year prior to the date on which the Travenol workers filed their petition.

## DISCUSSION

Section 223 of the Trade Act requires the Secretary of Labor to determine whether petitioning workers meet the group eligibility requirements for adjustment assistance set out in section 222 of the Trade Act, 19 U.S.C. § 2272, and to issue a certification of eligibility to apply for adjustment assistance to any group meeting the requirements. The statute further states:

> (b) A certification under this section shall not apply to any worker whose last total or partial separation from the firm * * * occurred—
>
> > (1) more than one year before the date of the petition on which such certification was granted * * *.

19 U.S.C.A. § 2273(b)(1)(1980). Qualification for eligibility for trade adjustment assistance requires petitioners to file a petition with Labor within one year of their total or partial separation from the firm.

Plaintiffs' petition was received by the Office of Trade Adjustment Assistance on April 28, 1985 with a petition date of April 23, 1986. The April 23, 1985 is the impact date authorized by statute. The Act does not give Labor authority to waive this statutory provision or to establish an earlier impact date.

Plaintiffs in this section did not apply for trade adjustment assistance within one year of their separation from Travenol. This unfortunate fact weighs heavily on this Court's determination, but the statute is clear as to the one year requirement, which plaintiffs have failed to meet. Accordingly, by the express terms of the statute enacted by Congress, those workers separated prior to the April 23, 1985 impact date are not certifiably eligible to apply for trade adjustment assistance. "[W]hen workers fail to apply timely for benefits and so are not eligible, it is not that they are being penalized for failure to file; rather they simply are so [sic] longer within the category Congress intended to aid by this program." *Lloyd* v. *U.S. Dept. of Labor*, 637 F.2d 1267, 1271 (9th Cir. 1980).

The United States Court of Appeals for the Ninth Circuit in *Lloyd* denied a similar action by plaintiffs who petitioned the Court for review of the Department of Labor's determinations of eligibility to apply for worker adjustment assistance. The language of that court is appropriate here: "Petitioners present a sympathetic argument. But in view of the congressional purpose and history of this provision and its proposed amendments, we must apply the one-

year rule as it was enacted. Efforts to ameliorate the rule should be directed to Congress." *Lloyd,* 637 F.2d at 1271.

CONCLUSION

For reasons stated, the defendant's motion is granted, and plaintiffs' action is dismissed for failure to state a claim upon which relief can be granted.